UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
STEVE HARRISON,

                              Plaintiff,                      ECF CASE:

           -against-                               **COMPLAINT**

                                                                 **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK and POLICE OFFICERS
"JOHN DOE" 1-5, said names being fictitious and unknown,

                              Defendants.
------------------------------------------------------------X

## PRELIMINARY STATEMENT

1.    This is a civil rights action in which the plaintiff seeks relief for the defendants violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, by the United States Constitution, including its First, Fourth, Fifth and Fourteenth Amendments, and by the laws and Constitution of the State of New York. The plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this Court deems equitable and just.

## JURISDICTION

2.    This action is brought pursuant to the Constitution of the United States, including its First, Fourth, Fifth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983. Jurisdiction is conferred upon this Court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3.    The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case

or controversy.

## JURY TRIAL DEMANDED

4.      Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## VENUE

5.      Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## PARTIES

6.      Plaintiff is a citizen, resident, and was otherwise lawfully in the United States at the time of the events complained of herein.

7.      Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department, which acts as its agent in the areas of law enforcement and for which it is ultimately responsible.  Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

8.      Defendants Police Officers "JOHN DOE" 1-5, were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agent of defendant THE CITY OF NEW YORK. Defendants Police Officers "JOHN DOE" 1-5, were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as an officers, agents, servants and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police

Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.

## NOTICE OF CLAIM

9. Plaintiff filed a Notice of Claim with the Comptroller of the City of New York within 90 days of the events complained of herein. More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

10. That a 50-h hearing has not yet been held as this office has been unable to schedule same with the City of New York.

11. This action is being commenced within (1) one year and (90) ninety days from the date of the incident herein.

## STATEMENT OF RELEVANT FACTS

12. That on August 1, 2014 at approximately 8:00-8:30 p.m. the plaintiff was left in his handcuffs while in a holding cell for approximately two hours at the 67th Precinct located at 2820 Snyder Avenue, Brooklyn, New York 11266. When Police Officer "JOHN DOE" finally removed the handcuffs, he caused the plaintiff to fall forward landing on his face, causing plaintiff to lose consciousness, suffer multiple seizures, right sided facial pain and several fractured teeth.

13. Defendants Police Officers "JOHN DOE" 1-5, falsely arrested and imprisoned and subjected the plaintiff to illegal search and seizure, malicious prosecution, violations of his right to due process, retaliation for protected First Amendment activity and his civil rights were violated.

14. Defendants Police Officers "JOHN DOE" 1-5, wrongly and maliciously held plaintiff in police custody despite the fact that plaintiff was falsely arrested. During the time plaintiff was held in police custody he was neglected by the defendants herein. Plaintiff suffered physical injury and emotional injury sustained directly as a result of his false arrest.

## FIRST CLAIM
## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

15. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

16. By their conduct and actions in arresting plaintiff, by violating the arrested's Fourteenth Amendment rights to equal protection, by using excessive force, by causing personal injury, by detaining plaintiff for an excessive amount of time, by detaining plaintiff under cruel and inhumane conditions, defendants Police Officers "JOHN DOE" 1-5, acted under the color of law and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth, Fifth and Fourteenth Amendments.

17. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM
## LIABILITY OF THE CITY OF NEW YORK
## FOR CONSTITUTIONAL VIOLATIONS

18. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

19. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department and through the defendants, had policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein, including: (a) the arrest and fingerprinting of the plaintiff; (c) the unreasonably long detention of plaintiff; (d) the infliction of pain and suffering upon plaintiff, including the use of excessive force, keeping plaintiff

in handcuffs for an extended period of time, and other means of inflicting pain and discomfort. Each such policy, practice, custom and usage caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth, Fifth and Fourteenth Amendments.

20. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

### THIRD CLAIM
### NEGLIGENCE

21. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

22. Defendants, jointly and severally, negligently caused injuries, emotional distress and damage to plaintiff. The acts of conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

23. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

**WHEREFORE**, plaintiff demands the following relief jointly and severally against all of the defendants:

    a. Compensatory damages in the amount of $10,000,000.00;

    b. Punitive Damages;

    c. The convening and empaneling of a jury to consider the merits of the claims herein;

    d. Pre and post-judgment costs, interest and attorneys' fees;

   e. Such other and further relief as to this Court may deem appropriate and equitable.

Dated: Rockville Centre, New York
   June 11, 2015

         Yours etc.;

         **ISAACSON, SCHIOWITZ & KORSON, LLP**

      By: _____
         JEREMY SCHIOWITZ, ESQ. (JS 5939)
         *Attorneys for Plaintiff*
         371 Merrick Road, Suite 302
         Rockville Centre, New York 11570
         (516) 208-1300
         jschiowitz@iskslaw.com

## ATTORNEY VERIFICATION

The undersigned, an attorney duly admitted to practice in the courts of New York State, hereby affirms that I am the attorney of record for the plaintiff in the within action; I have read the foregoing ***COMPLAINT*** and know the contents thereof; that the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

The reason this verification is made by me and not by plaintiff is because the plaintiff does not reside in the county in which my office is located.

The grounds of my belief as to all matters not stated upon my own knowledge are the reports, records and memoranda in my file, conversations had with the clients, and my own investigation.

I affirm that the foregoing statements are true, under the penalties of perjury.

Dated: Rockville Centre, New York
       June 11, 2015

_____
JEREMY SCHIOWITZ, ESQ.